IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CLINGER, | ) | CASE NO.  1:04 CV 17118 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGMENT |
| LINCOLN ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

The above-captioned case came before this Court for a trial by jury.  At the conclusion of the trial, the Jury returned a unanimous Interrogatory finding that Plaintiff did not prove by a preponderance of the evidence that Plaintiff James Clinger was suffering from Parkinsonism secondary to manganese exposure, manganese induced Parkinsonism, manganese poisoning, or manganism that was caused by the inhalation of welding fumes arising from the use of Defendant's products while he was working for the United States Navy.[1]

Plaintiff brought this action against Defendant Lincoln Electric Company alleging claims of strict product liability and negligence based upon the allegation that the Defendant failed to adequately warn Mr. Clinger about the hazards of welding fumes, and that this failure caused Mr. Clinger to suffer an injury to his brain caused by exposure to manganese.

The trial commenced on September 29, 2010.  A Jury of twelve was duly impaneled and sworn, and opening statements of Plaintiff was made. Court was adjourned until September 30, 2010, at 8:00 a.m.

The trial continued on September 30, 2010. Opening Statement of Defendant was made.

_____

[1]

All other defendants named in the Third Amended Complaint were dismissed prior to trial.

Plaintiff called the following witness(es): (1) Carl J Peters. Court was adjourned until October 1, 2010 at 8:00 a.m.

The trial continued on October 1, 2010. Plaintiff called the following witness(es): (1) Carl J. Peters, continued; (2) Craig McKay (video deposition); (3) Dustin Hines (video deposition); and (4) James Clinger. Court was adjourned until October 4, 2010 at 8:00 a.m.

The trial continued on October 4, 2010. Plaintiff called the following witness(es): (5) Dr. Rezai (video deposition); (6) Dr. Subramanian (video deposition); (7) Dr. Wojeskiek (video deposition); and (8) Chad Sanderson (video deposition). Court was adjourned until October 5, 2010 at 8:00 a.m.

The trial continued on October 5, 2010. Plaintiff called the following witness(es): (9) Paul A. Nausieda. Court was adjourned until October 6, 2010 at 8:00 a.m.

The trial continued on October 6, 2010. Plaintiff called the following witness(es): (9) Paul Nausieda, continued; and (10) Robert Cunitz. Court was adjourned until October 7, 2010 at 8:00 a.m.

The trial continued on October 7, 2010. Plaintiff called the following witness(es): (10) Robert Cunitz, continued; (11) Ivette Clinger; (12) Harvey Rosen; (13) Marco Morales (video deposition); (14) James Ramos (video deposition); and (15) Ken Brown (video deposition).. Court was adjourned until October 12, 2010 at 8:00 a.m.

The trial continued on October 12, 2010. Plaintiff called the following witness(es): (16) George Cyphers. Plaintiff rested. Defendant's motion pursuant to Fed. R. Civ. P. 50 is heard and Court reserved ruling on the motion. The Defendant called the following witness(es): (1) Steven Curry; and (2) Marie Quintana. Court was adjourned until October 13, 2010 at 8:00 a.m.

2

The trial continued on October 13, 2010. The Defendant called the following witness(es): (2) Marie Quintana, continued; (3) Robert Safe; and (4) Keith Leach (video deposition). Court was adjourned until October 14, 2010 at 8:00 a.m.

The trial continued on October 14, 2010. The Defendant called the following witness(es): (4) Keith Leach (video deposition), continued; (5) Daniel Perl; and (6) Robert Hauser. Court was adjourned until October 15, 2010 at 8:00 a.m.

The trial continued on October 15, 2010. The Defendant called the following witness(es): (6) Robert Hauser, continued; and (7) Gordon Sze. Court was adjourned until October 18, 2010 at 8:00 a.m.

The trial continued on October 18, 2010. The Defendant called the following witness(es): (8) Carl Kiburtz (Dr. Sze's testimony interrupted by agreement). Defendant rested. Plaintiff rested. Court was adjourned until October 19, 2010 at 8:00 a.m.

The trial continued on October 19, 2010. Defendants' Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50 is heard and Court reserves ruling. Parties discuss jury charges. Court was adjourned until October 20, 2010 at 8:00 a.m.

The trial continued on October 20, 2010. The Court instructed the Jury on the law pursuant to Rule 51 of the Federal Rules of Civil Procedure. Closing arguments of counsel were made. The Court gave final instructions to the Jury and the Jury thereafter retired to deliberate. Court was adjourned until October 21, 2010 at 8:00 a.m.

The trial continued on October 21, 2010. The Jury, in open court, returned the following unanimous Answer to Interrogatory No. 1:

## INTERROGATORY NO. 1

Do you find that Plaintiff proved by a preponderance of the evidence that he is suffering from Parkinsonism secondary to manganese exposure, manganese induced Parkinsonism, manganese poisoning, or manganism that was caused by the inhalation of welding fumes arising from the use of Defendant's product(s) while he was working for the United States Navy? __NO__ (insert in ink "YES" or "NO" according to your findings)

The Court read the Interrogatory Answer in open court, and thereafter, the Court polled the Jury. Each Juror affirmatively responded to the correctness of the Interrogatory Answer and the Court accepted the Interrogatory Answer. The Jury was then discharged.

THEREFORE, the Court enters Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of Defendant Lincoln Electric Company on Plaintiff's Third Amended Complaint and against Plaintiff. All costs, including all costs related to the jury, are to be paid by the Plaintiff.

**IT IS SO ORDERED.**

_Donald C. Nugent_
**DONALD C. NUGENT**
**UNITED STATES DISTRICT JUDGE**

DATE: _October 21, 2010_

4